**No. 53221.**—Wm. F. Dunn, Jr., Sole Proprietor Koons, Wilson and Company *v.* United States, petition 6644–R (Philadelphia).

OLIVER, Chief Judge:   This is a petition for remission of additional duties filed pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of an importation from England of zinc peroxide entered at the port of Philadelphia.

The record discloses that Koons, Wilson & Co., customs broker at Philadelphia, was named as nominal consignee and F. W. Berk & Co., Inc., of New York as ultimate consignee in the entry and that no owner's declaration was filed.   The importation in question was diverted from New York to Philadelphia due to a dock strike in the latter part of October 1945 and this one importation was entered at the port of Philadelphia.   It was entered on October 26, 1945, at 76 cents per pound and appraised at £0–4–4 per pound, net weight, net, packed, which was higher than the entered value.

The proprietor of the customs brokerage firm in Philadelphia who made the entry testified that he did so at the request of the importer of the merchandise. He could not recall whether he had conferred with the examiner or appraiser as to the valuation of the merchandise or had submitted a so-called "submission sheet" to the customs authorities requesting information as to value prior to entry.   He testified that all his records had been destroyed since his firm went out of business on November 30, 1946.   A carbon copy of a letter dated August 23, 1946, written by the importer's representative to the witness was received in evidence as petitioner's exhibit 1 (R. 7).   It advised the customs broker to amend the entry covering this petition and to pay duty at the higher value.   The witness gave as explanation for his failure to amend the entry the fact that his health was very poor at the time and that he did not have sufficient help in his office.

The appraiser of merchandise at the port of Philadelphia testified on behalf of the petitioner that he had received from the importer's representative at New York a letter dated April 19, 1946, requesting him to withhold appraisement on the involved merchandise pending receipt of information from the exporter's manufacturer relative to the prices at which the merchandise was sold for home consumption (exhibit 2; R. 9).   A letter dated April 23, 1946, from the appraiser, in acknowledgment of the letter marked exhibit 2, in which that officer agreed to withhold appraisement of the merchandise for a reasonable period was also received in evidence (exhibit 3; R. 9).   The witness further testified that he received another letter (exhibit 4), dated May 2, 1946, in which the importer's representative informed him that the seller had written to the foreign shipper relative to the valuation of the merchandise.   In a subsequent letter dated June 25, 1946 (petitioner's exhibit 5), the appraiser of merchandise at Philadelphia inquired of the importer's representative the status of the investigation being made as to the value of the importation and in a letter of reply dated July 3, 1946 (exhibit 6), the appraiser was advised that information as to the value of the merchandise would be sent him as soon as received.   It appears that subsequently information was received by the importer that the exporter's manufacturer refused to reveal the list of sales of zinc peroxide in the country of exportation.   On August 23, 1946, the importer's representative at New York advised the appraiser at Philadelphia that the customs broker who filed the entry in question had been instructed to amend it and pay duty on the basis of the value set by the appraiser (exhibit 7).   The witness testified that the entry was not amended and that appraisement of the merchandise was made on February 3, 1947 (R. 12, 13).   Appeal for reappraisement was filed, which was subsequently abandoned.

The issue here is the good faith of the petitioner in entering the imported merchandise. (*United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440, T. D. 40612.) While it is true that the issue must be determined upon the question of intent at the time of entry, the conduct of the petitioner in direct relation to the subject matter, before and subsequent to the entry, may be looked to for the purpose of throwing light upon the matter of intent. (*United States* v. *Pennsylvania Salt Manufacturing Co.*, 26 C. C. P. A. 232, C. A. D. 22.) In the case at bar, entry of the merchandise was made upon the basis of information given the petitioner at that time. Subsequently, the seller's representative made every effort to obtain the correct valuation of the merchandise and fully cooperated with the Government officials. When it was impossible to obtain from the foreign shipper information as to the correct value of the merchandise, the customs broker was instructed to make amendment on the basis of the value found by the appraiser and the appraiser was notified of such contemplated amendment. The failure on the part of the petitioner to amend the entry can be explained by the fact that he was in ill-health at the time and, in addition, was in the process of liquidating his business. On the record before us we find that the petitioner in making entry of the merchandise at a less value than that found on final appraisement had no intention to conceal or misrepresent the facts or to defraud the revenue of the United States or to deceive the appraiser as to the value of the merchandise. The petition is granted and judgment will issue accordingly.